UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | |
|---|---|
| WILLIAM DICKERSON,<br><br>    Petitioner,<br><br>v.<br><br>GREGORY KIZZIAH, Warden,<br><br>    Respondent. | Civil Action No. 7:16-189-KKC<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

\*\*\*     \*\*\*     \*\*\*     \*\*\*

Inmate William Dickerson filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges a prison disciplinary conviction he sustained while incarcerated at the United States Penitentiary in Victorville, California. [R. 1]. The Government has responded to Dickerson's petition, and it argues, among other things, that Dickerson failed to exhaust his administrative remedies before filing his petition. [R. 19]. While the Court initially ordered Dickerson to reply to the Government's response by no later than August 17, 2017, it later extended that deadline to September 12, 2017. [R. 9, 21]. Dickerson, however, has not filed his reply brief. Instead, he moves for another extension of time. [R. 22].

As an initial matter, the Court will deny Dickerson's motion. That is because he has not provided a sufficient justification for another extension of time. After all, Dickerson's motion mostly discusses conditions at the prison's kitchen and does not sufficiently explain why he has been unable to file a timely reply brief. [R. 22]. While Dickerson does say that his "institution is on modified-movement" and claims that this "has severely limited [his] access to the prison law library," he fails to explain why he has not at least addressed the Government's claim regarding

exhaustion; that, of course, would not require any legal research whatsoever. In short, the Court has already granted Dickerson an extension of time to file his reply brief, and it finds that another extension is not warranted in this case.

Ultimately, Dickerson was required to "first exhaust his administrative remedies before filing a 28 U.S.C. § 2241 petition for habeas corpus relief." *Wade v. Perez,* 14 F. App'x 330, 331 (6th Cir. 2001). Since the Government's submission makes it clear that Dickerson failed to exhaust his administrative remedies [R. 19], the Court will deny his petition without prejudice. *See Wade*, 14 F. App'x at 331-32 (affirming the district court's decision to deny without prejudice a § 2241 petition challenging a prison disciplinary conviction because the prisoner "did not exhaust his administrative appeals before filing his federal habeas petition").

Accordingly, it is hereby **ORDERED** as follows:

1. Dickerson's motion for another extension of time to file his reply brief [R. 22] is **DENIED**.
2. Dickerson's petition for a writ of habeas corpus [R. 1] is **DENIED**, without prejudice.
3. This action is **DISMISSED** and **STRICKEN** from the Court's docket.
4. A corresponding judgment will be entered this date.

Dated September 20, 2017.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY